# EXHIBIT 3

v.

CAUSE NO. 24-0056-431

| | | |
|---|---|---|
| SANA HEALTHCARE CARROLLTON, LLC, d/b/a CARROLLTON REGIONAL MEDICAL CENTER | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 431st JUDICIAL DISTRICT |
| METROCREST HOSPITAL AUTHORITY | § § § § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

Defendant, Metrocrest Hospital Authority, ("Metrocrest"), files this Original Answer and Counterclaim to Plaintiff, SANA Healthcare Carrollton, LLC d/b/a Carrollton Regional Medical Center's, ("SANA",) Original Petition.

### I. GENERAL DENIAL

1. In accordance with Texas Rule of Civil Procedure 92, Metrocrest generally denies the allegations in Plaintiff's Original Petition and all amendments and supplements thereto and demands strict proof thereof by a preponderance of the evidence.

### II. SPECIFIC DENIALS

2. Metrocrest denies that:

   a. Metrocrest is a Texas nonprofit corporation. *See* Plaintiff's Original Petition, ("Petition"), ¶ 3.

   b. Metrocrest agreed to sell the hospital or MOBs if SANA exercised its option to purchase either property. *See Id.* at ¶ 7.

      c.    SANA performed its obligations under the Lease or Purchase Option to exercise its right to purchase the hospital. *See Id.* at ¶ 9. Specifically, SANA did not accept the Purchase Offer; rather, SANA counteroffered, and Metrocrest did not accept SANA's terms.

      d.    SANA's May 23, 2023, email was a Notice pursuant to the terms of the Lease or Purchase Option. *See Id*. at ¶ 13.

      e.    SANA was ready, willing and able to close any purchase of the hospital or MOBs. *See Id.* at ¶ 14.

      f.    Metrocrest deliberately refused to close the sale. *See Id.* at ¶ 15.

      g.    Metrocrest failed to perform or tender performance of its contractual obligations. *See Id.* at ¶ 17.

      h.    Metrocrest breached the Lease or Purchase Option. *Id.*

### III. DEFENSES & AFFIRMATIVE DEFENSES

3.    SANA's right to recover, in whole or in part, specific performance or damages is barred because SANA was not ready, willing and able to perform its obligations under the Purchase Option.

4.    SANA's right to recover, in whole or in part, specific performance or damages is barred because SANA repudiated the agreement when, without excuse, SANA indicated that it would not perform the Purchase Option. Thus, Metrocrest's obligations under the Purchase Option were discharged.

5.    SANA's claims are barred, in whole or in part, because its own acts or omissions caused or contributed to its injury.

6. SANA's claims are barred or limited because the Purchase Option and Lease between Metrocrest and SANA were negotiated at arm's length by sophisticated parties represented by counsel.

7. SANA's claims are barred, in whole or in part, because Metrocrest is entitled to offset the Purchase Option Payment.

8. SANA's claims are barred, in whole or in part, because Metrocrest is entitled to offset the Purchase Option Purchase Price.

9. SANA's claims are barred, in whole or in part, because SANA did not mitigate damages.

10. Metrocrest is not liable to SANA because SANA's repudiation of the agreement discharged Metrocrest's obligations.

11. Metrocrest asserts and relies upon the limitations on pre- and post-judgment interest under Chapter 41 of the Texas Civil Practice and Remedies Code.

12. SANA's claims are barred, in whole or in part, because all conditions precedent to SANA's claims for relief have not been performed or excused, including without limit SANA's acceptance of the option, readiness, willingness and ability to exercise the option, tender of the Purchase Option Purchase Price or Metrocrest's acceptance of SANA's counteroffer.

13. SANA is not entitled to recover attorney fees from Metrocrest, under Tex. Civ. Prac. & Rem. Code section 38.001.

## COUNTERCLAIM

Metrocrest files this Counterclaim for declaratory judgment against SANA.

### I. DISCOVERY-CONTROL PLAN

14. Metrocrest intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

## II. CLAIM FOR RELIEF

15. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## III. PARTIES

16. Metrocrest is a political subdivision of the State of Texas with its principal place of business located in Denton County, Texas.

17. SANA is a Nevada Limited Liability Corporation with its principal place of business in Denton County, Texas.

## IV. FACTS

18. On November 19, 2019, Metrocrest and SANA entered into the Lease for SANA's lease of a hospital, the Carrollton Regional Medical Center, and four medical office buildings, ("MOB") from Metrocrest. The Lease references a Purchase Option for SANA's purchase of the hospital and MOBs. The Lease provides that SANA would pay $1,000,000, (the "Purchase Option Payment") for the Purchase Option right. SANA paid the Purchase Option Payment to Metrocrest.

19. Under the terms of the Lease, if the Purchase Option is not consummated within three years, unless due to the default of Metrocrest, Metrocrest shall retain the Purchase Option Payment.

20. SANA failed to accept the option within three years.

## V. DECLARATORY RELIEF

21. Metrocrest is entitled to retain the Purchase Option Payment because SANA failed to consummate the option withing three years. Metrocrest fully performed its contractual obligations. SANA breached its contractual obligations by failing to consummate the option within three years. Metrocrest is entitled to retain the Purchase Option Payment, under the terms of the Lease.

22. Pursuant to the Texas Declaratory Judgment Act, Metrocrest seeks a declaratory judgment from the Court decreeing that:

    a. SANA failed to consummate the option within three years.

    b. SANA's failure to consummate the option was not due to the default of Metrocrest.

    c. Metrocrest is entitled to retain the Purchase Option Payment.

## VI. ATTORNEY FEES

23. Plaintiff is entitled to recover reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice & Remedies Code sections 38.001 and 37.009 because this is a suit for breach of contract and declaratory relief.

WHEREFORE, Metrocrest requests that SANA be cited to appear and answer, and upon final trial that Metrocrest recover a judgment against SANA for an order decreeing that SANA failed to consummate the option within three years, SANA's failure to consummate the option was not due to the default of Metrocrest, and Metrocrest is entitled to retain the Purchase Option Payment, as well as reasonable and necessary attorneys' fees, pre-judgment interest and costs and all other and further relief to which FCL may be justly entitled.

Respectfully submitted,

**HAYES, BERRY, WHITE & VANZANT, LLP**

  /s/   Cody J. Lewis
Richard D. Hayes
State Bar No. 09278700
Cody J. Lewis
State Bar No. 24074595

512 W. Hickory Street, Suite 100
Denton, Texas 76201
Telephone: 940-387-3518
Facsimile:  866-576-2575
Email: rhayes@hbwvlaw.com
Email: clewis@hbwvlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Texas Rules of Civil Procedure, on this 26 day of January, 2024.

/s/Cody J. Lewis
Cody J. Lewis