# EXHIBIT 4

FILED: 8/29/2024 5:03 PM
David Trantham
Denton County District Clerk
By: Rebecca Feller, Deputy

CAUSE NO. 24-0056-431

| | | |
|---|---|---|
| SANA HEALTHCARE CARROLLTON, LLC, d/b/a CARROLLTON REGIONAL MEDICAL CENTER | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 431st JUDICIAL DISTRICT |
| METROCREST HOSPITAL AUTHORITY | § § § § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

### DEFENDANT'S THIRD AMENDED ANSWER AND COUNTERCLAIM

Defendant, Metrocrest Hospital Authority, ("Metrocrest"), files this Third Amended Answer and Counterclaim to Plaintiff, SANA Healthcare Carrollton, LLC d/b/a Carrollton Regional Medical Center's, ("SANA"), Second Amended Petition.

### I. GENERAL DENIAL

1. In accordance with Texas Rule of Civil Procedure 92, Metrocrest generally denies the allegations in Plaintiff's Second Amended Petition and all amendments and supplements thereto and demands strict proof thereof by a preponderance of the evidence.

### II. SPECIFIC DENIALS

2. Metrocrest denies that:

   i. Metrocrest is a Texas nonprofit corporation. *See* Plaintiff's Second Amended Petition, ("Petition"), ¶ 3.

   ii. SANA provided over three months' written notice of its intent to purchase only the Hospital to MHA in compliance with the Lease Agreement. *See Id.* at ¶ 6. SANA's May 23, 2023, email, (the "Email"), was not provided in compliance with the Lease Notices provision,

section 27.7, (the "Lease Notice Provision"). SANA's September 29, 2023, letter to Metrocrest, (the "Letter"), is the only "notice" that SANA provided to Metrocrest. The Letter states that it exercises SANA's option and right to purchase the Hospital separate from the MOBs. The Email and Letter do not comply with the option period provided in the Lease.

   iii. Metrocrest refused to sell the Hospital to SANA. *See Id.* Metrocrest would have sold the Hospital and MOBs to SANA in compliance with the terms of the Lease and Purchase Option Agreement.

   iv. The Purchase Option Exhibit provides that SANA agreed to buy and Metrocrest agreed to sell either the Hospital and the MOBs or just the Hospital. *See Id.* at ¶ 7. Metrocrest will refer to the Purchase Option Exhibit, herein, as the "Purchase Option Agreement" or "POA." The POA speaks for itself and defines the Hospital and MOBs collectively as the "Property," (also the "Property," herein), and provides SANA the right to purchase the Property. The POA does not provide the right to purchase either the Hospital and the MOBs or just the Hospital.

   v. The POA sets forth the requirements to elect the option to purchase either the Hospital and the MOBs or the Hospital. *See Id.* at ¶ 8. The POA speaks for itself and defines the Hospital and MOBs collectively as the Property and provides SANA the right to purchase the Property. The POA does not provide the right to purchase either the Hospital and the MOBs or just the Hospital.

   vi. The POA provides SANA the right to purchase either the Hospital and the MOBs or just the Hospital. *See Id*. The POA speaks for itself and defines the Hospital and MOBs

collectively as the Property and provides SANA the right to purchase the Property. The POA does not provide the right to purchase either the Hospital and the MOBs or just the Hospital.

vii. The Lease establishes that the Hospital may be purchased by itself. *See Id.* at ¶ 10. The Lease Purchase Option Clause, section 4.3, speaks for itself and states that "[t]he Purchase Option on the MOBs may only be exercised if the Hospital is also or has previously been purchased, and closing of the purchase under the Purchase Option must take place within three years of the Lease Commencement Date."

viii. SANA exercised the option before its expiration under the Lease. *See Id.* at ¶ 6. The Email does not identify SANA's exercise of the option. It merely identifies SANA's "intent" to exercise the option. The Email was not provided in compliance with the Lease Notice Provision. The Email and Letter were not provided in compliance with the option period stated in the Lease.

ix. On May 23, 2023, SANA delivered a notice to Metrocrest exercising the Purchase Option. *See Id.* at ¶ 12. To the extent the Petition refers to the Email as the "notice," the Email is not a Notice under the terms of the Lease Notice Provision. The Email does not state that SANA exercises the purchase option. The Email states that it serves to notify Metrocrest of SANA's "intent" to exercise the option.

x. Upon SANA's delivery of its notice of intent to purchase the Hospital, SANA performed its contractual obligations to exercise its right to purchase the Hospital, and the Purchase Option converted into a purchase and sale contract of the Hospital for $16 million. *See Id.* at ¶ 13. SANA cannot establish that it was a ready, willing and able buyer. After SANA delivered the Email and Letter to Metrocrest, SANA did not have funds available to purchase the Carrollton Regional Medical Center, Hospital or Property.

  xi.  Metrocrest acknowledged SANA's notice. *See Id.* at ¶ 14. To the extent the Petition refers to the Email as the "notice," the Email is not a Notice under the terms of the Lease Notice Provision.

  xii.  Metrocrest took no steps toward closing the Hospital's sale. *See Id.* Metrocrest corresponded with SANA to facilitate SANA's purchase of the Property. Metrocrest expressed its concern that SANA informed Metrocrest that it did not intend to purchase the Property. Metrocrest would have sold the Property to SANA in compliance with the terms of the Lease or POA.

  xiii.  On November 22, 2023, SANA again reiterated its intent to buy the Hospital and notified Metrocrest in writing that SANA is ready, willing, and able to close its purchase of the Hospital. *See Id.* at ¶ 15. Metrocrest is not aware of a November 22, 2023, notice from SANA to Metrocrest.

  xiv.  Metrocrest refused to acknowledge SANA's proper exercise of its Purchase Option and took no steps toward closing and ultimately failed to close and complete the Hospital sale. *See Id.* at ¶ 15. SANA did not properly exercise the purchase option under either the Lease or POA. Metrocrest expressed its concern that SANA informed Metrocrest that it did not intend to purchase the Property. Metrocrest would have sold the Property to SANA in compliance with the terms of the Lease or POA.

  xv.  Metrocrest deliberately refused to close the sale. *See Id.* at ¶ 16. Metrocrest expressed its concern that SANA informed Metrocrest that it did not intend to purchase the Property. Metrocrest would have sold the Property to SANA in compliance with the terms of the Lease or POA.

xvi. Metrocrest failed to perform or tender performance of its contractual obligations. *See Id.* at ¶ 17. Metrocrest expressed its concern that SANA informed Metrocrest that it did not intend to purchase the Property. Metrocrest would have sold the Property to SANA in compliance with the terms of the Lease or POA.

xvii. Metrocrest's breaches rendered SANA's performance under the agreement impossible because it depended on Metrocrest's consent and cooperation to close the sale. *See Id.* Metrocrest did not breach the Lease or POA.

xviii. The Contract is a valid, binding agreement between the Parties and may be specifically enforced. *See Id.* at ¶ 20. The Lease and POA fail to include material terms.

xix. By providing notice of its intent to purchase the Hospital, SANA performed its obligations under the Contract to exercise its Purchase Option and created a valid and enforceable purchase and sale contract for the Hospital. *See Id.* at ¶ 20. SANA's Email and Letter do not comply with the terms of the Lease or POA and, therefore, cannot establish a valid and enforceable purchase and sale contract.

xx. SANA was ready, willing, and able to purchase the Hospital. *See Id.* at ¶ 21. SANA cannot establish that it was a ready, willing and able buyer. After SANA delivered the Email and Letter to Metrocrest, SANA did not have funds available to purchase the Carrollton Regional Medical Center, Hospital or Property.

xxi. MHA breached the Contract by failing to sell the Hospital to Sana after SANA exercised the Purchase Option. *See Id.* at ¶ 22. SANA did not exercise the purchase option, and Metrocrest, therefore, could not have breached the Lease or POA. Metrocrest complied with all of its obligations under the Lease and POA.

xxii. As a result of MHA's breach, SANA also sustained damages by having to continue to pay rental payments and costs associated with the Lease. *See Id.* at ¶ 23. SANA did not exercise the purchase option, and Metrocrest, therefore, could not have breached the Lease or POA. Metrocrest complied with all of its obligations under the Lease and POA. SANA is obligated to continue payment of rent and costs pursuant to the terms of the Lease.

xxiii. SANA is entitled to specific performance. *See Id.* at ¶ 24. SANA is not entitled to specific performance because it failed to strictly comply with the terms of the Lease and POA and was not a ready, willing and able buyer.

xxiv. Upon exercising its Purchase Option, SANA was excused from paying rent under the Contract. *See Id.* at ¶ 28. SANA is not excused from paying rent under the Lease because it failed to strictly comply with the terms of the Lease and POA.

xxv. The rent money received by Metrocrest following SANA's invocation of its Purchase Option belongs to SANA in equity and good conscience. *See Id.* at ¶ 29. SANA's rent payments do not belong to SANA because it failed to strictly comply with the terms of the Lease and POA.

xxvi. Metrocrest would be unjustly enriched if it were to retain and not remit to SANA the rent money it received after SANA exercised its Purchase Option on May 23, 2023. *See Id.* at ¶ 32. Metrocrest is entitled to retain the rent payments because SANA failed to strictly comply with the terms of the Lease and POA.

xxvii. Upon exercising its Purchase Option, SANA was excused from paying rent under the Contract. *See Id.* at ¶ 34. SANA is not excused from paying rent under the Lease because it failed to strictly comply with the terms of the Lease and POA.

xxviii. Metrocrest would obtain an unconscionable windfall if it were to retain and not remit to SANA the rent money that rightfully belongs to SANA. *See Id.* at ¶ 35. Metrocrest is entitled to the rent payments because SANA failed to strictly comply with the terms of the Lease and POA.

xxix. Metrocrest's deliberate refusal to close the sale of the Hospital prevented SANA from crediting its $1 million option fee toward the purchase price of the Hospital. *See Id.* at ¶ 40. Metrocrest expressed its concern that SANA informed Metrocrest that it did not intend to purchase the Property. Metrocrest would have sold the Property to SANA in compliance with the terms of the Lease or POA. SANA failed to strictly comply with the terms of the Lease and POA through no default of Metrocrest; therefore, SANA is not entitled to a credit towards the purchase price of the Hospital.

xxx. The $1 million option fee that MHA received for SANA's Purchase Option belongs to SANA in equity and good conscience. *See Id.* at ¶ 40. SANA failed to strictly comply with the terms of the Lease and POA through no default of Metrocrest; therefore, SANA is not entitled to the $1 million option fee.

xxxi. Metrocrest would be unjustly enriched if it were to retain and not remit to SANA the $1 million option fee that MHA received for the Purchase Option. *See Id.* at ¶ 43. SANA failed to strictly comply with the terms of the Lease and POA through no default of Metrocrest; therefore, Metrocrest is entitled to retain the $1million option fee.

xxxii. Metrocrest took no steps toward closing and ultimately failed to close and complete the Hospital sale. *See Id.* at ¶ 44. Metrocrest would have sold the Property to SANA in compliance with the terms of the Lease or POA.

xxxiii. Metrocrest would obtain an unconscionable windfall if it were to retain and not remit to SANA the $1 million option fee that rightfully belongs to SANA. *See Id.* at ¶ 45. SANA failed to strictly comply with the terms of the Lease and POA through no default of Metrocrest; therefore, Metrocrest is entitled to retain the $1million option fee.

3. SANA's Email and Letter did not strictly comply with the terms of the Lease or Purchase Option and was, therefore, a counteroffer that Metrocrest did not accept. Specifically, SANA's Email and Letter were untimely, sought to materially alter the terms of the Lease Purchase Option Clause and POA and failed to identify the property SANA intended to purchase.

4. The Lease and Purchase Option Agreement are void for failure to include material terms, including without limit the following: (i) the form and content of the parties' intended conveyance document, i.e., general warranty or special warranty deed, (ii) the existence of title exceptions, i.e., the Lease includes Exhibit "B" containing 21 items listed as Permitted Exceptions and nothing in either Section 4.3 or Exhibit F specify which, if any, will affect a conveyance of the Hospital or the MOBs, (iii) any provision regarding prorations of income or expenses, (iv) any provision regarding title insurance; or (iv) any provision relating to replating the property.

### III. DEFENSES & AFFIRMATIVE DEFENSES

5. SANA's right to recover, in whole or in part, specific performance or damages is barred because SANA was not ready, willing and able to perform its obligations under the Lease Purchase Option Clause and Purchase Option Agreement.

6. SANA's claims are barred, in whole or in part, because its own acts or omissions caused or contributed to its injury.

7. SANA's claims are barred or limited because the Purchase Option Agreement and Lease were negotiated at arm's length by sophisticated parties represented by counsel.

8. SANA's claims are barred, in whole or in part, because Metrocrest is entitled to offset the $1 million option fee.

9. SANA's claims are barred, in whole or in part, because Metrocrest is entitled to offset the Purchase Option Purchase Price.

10. SANA's claims are barred, in whole or in part, because SANA did not mitigate its alleged damages.

11. SANA's claims are barred, in whole or in part, because Metrocrest's performance is excused where its performance was impossible or impracticable because SANA failed to identify a boundary line of the property that it wanted Metrocrest to replat, MOB, Hospital or Carrollton Regional Medical Center boundary lines or a boundary line between the Hospital and MOBs. The Carrollton Regional Medical Center and MOBs are platted together on the same tract, and neither the Lease nor the Purchase Option Agreement identify boundary lines for between the Carrollton Regional Medical Center and MOBs. SANA's Email and Letter fail to identify the boundary lines SANA intended Metrocrest to use to replat the Hospital and MOBs.

12. SANA's claims are barred, in whole or in part, because Metrocrest's performance is excused where its performance was impossible or impracticable because three months is not enough time to replat the Hospital and MOB lot.

13. SANA's claims are barred, in whole or in part, because Metrocrest's performance is excused where its performance was impossible or impracticable because the Hospital and MOBs could not be replatted.

14. SANA's claims are barred, in whole or in part, because SANA repudiated the Purchase Option Agreement and Lease thereby discharging Metrocrest's obligations where the Purchase Option Agreement provided SANA must purchase the Property, yet SANA attempted to purchase the Hospital and MOBs separately. Further, SANA failed to timely exercise the option provided under the Lease. Therefore, Metrocrest's obligations under the Purchase Option Agreement and Lease were discharged.

15. Metrocrest asserts and relies upon the limitations on pre- and post-judgment interest under Chapter 41 of the Texas Civil Practice and Remedies Code.

16. SANA's claims are barred, in whole or in part, because all conditions precedent to SANA's claims for relief have not been performed or excused, including without limit the following:

   i. SANA was not a ready, willing and able buyer;

   ii. SANA's exercise of the option in strict compliance with the terms of the Lease or Purchase Option Agreement;

   iii. SANA's tender of the Purchase Price or Purchase Option Purchase Price;

   iv. Timely notice of SANA's intent to exercise the option, under the terms of the Lease or Purchase Option Agreement;

   v. Compliance with the terms setting forth the property to be purchased under the Lease and Purchase Option Agreement;

   vi. Inclusion of a sufficient description of the property that SANA wanted to purchase in its Email and Letter;

    vii.    Inclusion of a sufficient description of the property that SANA wanted to replat in its Email and Letter;

    viii.    Metrocrest's accept of SANA's counteroffer; and,

    ix.    SANA's timely delivery of a Notice of its exercise or intent to exercise the option, pursuant to the Lease Notice Provision.

17.    SANA's claims are barred, in whole or in part, because an express contract covers the same subject matter as that which is claimed under its unjust enrichment, and money had and received claims. *McLeod v. McLeod*, 644 S.W.3d 792 (Tex. App.—Eastland 2022, no pet.) (claim for unjust enrichment generally cannot proceed regarding same subject matter in express contract); *Burlington N. R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996) (unjust enrichment applies to disputes not governed by contract), aff'd sub nom. *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998); *GRCDallasHomes LLC v. Caldwell*, 619 S.W.3d 301, 308 (Tex. App.—Fort Worth 2021, pet. denied) (when valid agreement addresses matter, recovery under money had and received, is generally impermissible).

18.    SANA is not entitled to recover attorney fees from Metrocrest, under Tex. Civ. Prac. & Rem. Code section 38.001.

## COUNTERCLAIM

Metrocrest files this Counterclaim for declaratory judgment and quiet title against SANA.

### I. DISCOVERY-CONTROL PLAN

19. Metrocrest intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### II. CLAIM FOR RELIEF

20. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### III. PARTIES

21. Metrocrest is a political subdivision of the State of Texas with its principal place of business located in Denton County, Texas.

22. SANA is a Nevada Limited Liability Corporation with its principal place of business in Denton County, Texas.

### IV. FACTS

23. On November 19, 2019, Metrocrest and SANA entered a Lease. On November 20, 2019, Metrocrest and SANA entered into a Purchase Option Agreement. Under the Lease, Metrocrest is the landlord and SANA the tenant of the Carrollton Regional Medical Center, an Imaging Center and an Employee Parking Lot.

24. The Lease, also, includes a purchase option clause, section 4.3, (the "Lease Purchase Option Clause"), that provides SANA the right to purchase the Carrollton Regional Medical Center, Imaging Center, Employee Parking Lot, (the "Hospital"), and four medical office

buildings, ("MOBs"). The MOBs are not included as leased property under the Lease. The MOBs are connected to and located on the same tract as the Carrollton Regional Medical Center.

25. The Purchase Option Agreement provides SANA a purchase option to buy the Hospital and MOBs collectively. The Lease and Purchase Option Agreement provide that the purchase price for the Hospital and MOBs is $31 million.

26. The Lease and Purchase Option Agreement define the Carrollton Regional Medical Center, Imaging Center and Employee Parking Lot, collectively, as the "Hospital." The Lease Purchase Option Clause provides that SANA only has the right to purchase the MOBs if it purchases the Hospital and MOBs together or purchases the Hospital before it purchases the MOBs, (the "MOB Provision"). The Purchase Option Agreement does not include the MOB Provision and only grants SANA the right to purchase the Hospital and MOBs collectively, (collectively, the "Property").

27. The Lease Purchase Option Clause and Purchase Option Agreement provide that SANA would pay $1,000,000, (the "Option Fee") for the right to exercise the purchase option. SANA paid the Option Fee.

28. The Lease Purchase Option Clause states that SANA had the right to purchase the Property at any time during the first three years of the Lease Term, with a minimum three-months' notice. The third year of the Lease Term ended on December 31, 2022. The Option Period under the Purchase Option Agreement expired on December 31, 2023.

29. The Lease and Purchase Option Agreement provide that if by no default of Metrocrest SANA fails to exercise the purchase option, Metrocrest has the right to retain the Option Fee. SANA failed to exercise the purchase option.

30. SANA's attempts to exercise the purchase option consist of an Email and Letter. SANA sent the Email to Metrocrest on May 23, 2023. The Email states SANA's intent to exercise the purchase option for the "hospital real estate (Carrollton Regional Medical Center)." The Email also states that SANA would exercise the option for the MOBs "soon."

31. SANA sent the Letter to Metrocrest on September 29, 2023. The Letter states that SANA exercises its option to purchase the Hospital separate from the MOBs. The Letter states that Metrocrest was to complete all actions necessary to convey the Hospital to SANA separately from the MOBs, including any necessary replating.

32. SANA sent the Email and Letter after the third year of the Lease Term. SANA's Email and Letter indicate SANA's refusal to purchase the Hospital and MOBs collectively. The Email and Letter fail to identify the boundary lines of SANA's proposed replat of the Property and fail to provide sufficient time to replat the Property.

33. After SANA sent its Email and Letter, SANA failed to secure funds to purchase the Hospital or Property, and SANA was, therefore, not a ready, willing and able buyer.

34. SANA failed to tender $31 million for the purchase of the Hospital and MOBs or funds to purchase the Hospital, less the $1 million credit for the Option Fee, to Metrocrest.

35. Each of SANA's failures was through no default of Metrocrest.

36. Instead of strictly complying with the terms of the Lease Purchase Option Clause or Purchase Option Agreement, SANA proposed a counteroffer to Metrocrest. When Metrocrest did not accept SANA's counteroffer, SANA filed this lawsuit, apparently, to force Metrocrest to accept the terms of its counteroffer. Additionally, on January 29, 2024, SANA recorded a Notice

of Lis Pendens as Instrument No. 8827, in Denton County, Texas real property records, (the "Lis Pendens"); whereby, SANA claims an interest in the title to the Hospital.

## V. CAUSES OF ACTION

### A. DECLARATORY RELIEF

<u>i. Metrocrest is entitled to a declaration of the deficiency of SANA's attempt to exercise the Lease Purchase Option Clause or Purchase Option Agreement</u>.

37. Metrocrest fully performed its contractual obligations. SANA breached its contractual obligations by failing to exercise the Lease Purchase Option Clause before its expiration, attempting to purchase property other than the Property identified in the Purchase Option Agreement and failing to adequately describe the property it intended to purchase or provide adequate time for the sale of the property it intended to purchase.

38. Pursuant to the Texas Declaratory Judgment Act, Metrocrest seeks a declaratory judgment from the Court decreeing that:

   i. SANA failed to exercise the Lease Purchase Option Clause or Purchase Option Agreement, as follows:

   i. The Option Period under the Lease expired on December 31, 2022.

   ii. SANA's representative, Krishna Surapaneni's, May 23, 2023, Email and September 29, 2023, Letter, (collectively, the "Counteroffer"), do not strictly comply with the terms of the Lease or Purchase Option Agreement.

   iii. Because the Counteroffer did not strictly comply with the terms of the Purchase Option Agreement or Lease, SANA failed to exercise the Lease Purchase Option Clause and Purchase Option Agreement.

<u>ii. Metrocrest is entitled to retain the Option Fee</u>.

39. Metrocrest is entitled to retain the Option Fee because SANA failed to exercise the Lease Purchase Option Clause before its expiration under the Lease and failed to strictly comply with the terms of the Lease Purchase Option Clause and Purchase Option Agreement. Metrocrest fully performed its contractual obligations. SANA breached its contractual obligations by failing to exercise the Lease Purchase Option Clause before its expiration under the Lease and failed to strictly comply with the terms of the Lease Purchase Option Clause and Purchase Option Agreement. Metrocrest is entitled to retain the Option Fee, under the terms of the Lease.

40. Pursuant to the Texas Declaratory Judgment Act, Metrocrest seeks a declaratory judgment from the Court decreeing that:

    i. SANA failed to exercise the Lease Purchase Option Clause before its expiration under the Lease and failed to strictly comply with the terms of the Lease Purchase Option Clause and Purchase Option Agreement, as follows:

        i. The Option Period under the Lease expired on December 31, 2022.

        ii. SANA's Counteroffer did not strictly comply with the terms of the Lease or Purchase Option Agreement.

        iii. Because the Counteroffer did not strictly comply with the terms of the Lease or Purchase Option Agreement, SANA failed to exercise the Lease Purchase Option Clause and Purchase Option Agreement.

    ii. SANA's failure to exercise the Lease Purchase Option Clause and Purchase Option Agreement was not due to the default of Metrocrest.

    iii. Accordingly, Metrocrest is entitled to retain the Option Fee.

**B. SUIT TO QUIET TITLE**

41. Metrocrest owns an interest in the Hospital. SANA claims an interest in the Hospital by way of the Lis Pendens. As a result of SANA's claim on the Hospital, SANA asserts a

claim adverse to Metrocrest's title. SANA's claim, if enforced, would interfere with Metrocrest's enjoyment of the Hospital. Metrocrest seeks a judgment from the Court quieting title to the Hospital in its name by removing any and all clouds on Metrocrest's title by virtue of any claims made or actions brought by SANA, including the Lis Pendens.

## VI. ATTORNEY FEES

42.   Plaintiff is entitled to recover reasonable and necessary attorney fees that are equitable and just under Texas Civil Practice & Remedies Code sections 38.001 and 37.009 because this is a suit for declaratory relief and breach of contract.

WHEREFORE, Metrocrest requests that, upon final disposition of this case, SANA's action against Metrocrest be dismissed and SANA take nothing by reason of its allegations against Metrocrest; that SANA be cited to appear and answer, and, upon final trial, Metrocrest recover a judgment against SANA for an order decreeing that SANA failed to exercise the purchase option, SANA's failure to exercise the purchase option was not due to the default of Metrocrest and Metrocrest is entitled to retain the Option Fee; that Metrocrest has title to the Hospital free and clear of SANA's Lis Pendens and that the purported interest in the Hospital arising under SANA's Lis Pendens is an improper cloud on Metrocrest's title to the Hospital; as well as, reasonable and necessary attorneys' fees, pre-judgment interest and costs and all other and further relief to which Metrocrest may be justly entitled.

Respectfully submitted,

HAYES, BERRY, WHITE & VANZANT, LLP

  /s/   Cody J. Lewis
Richard D. Hayes
State Bar No. 09278700
Cody J. Lewis

        State Bar No. 24074595

        512 W. Hickory Street, Suite 100
        Denton, Texas 76201
        Telephone: 940-387-3518
        Facsimile:  866-576-2575
        Email: rhayes@hbwvlaw.com
        Email: clewis@hbwvlaw.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Texas Rules of Civil Procedure, on this __29__ day of __August__ 2024.

        */s/ Cody J. Lewis*
        Cody J. Lewis

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Smith on behalf of Cody Lewis
Bar No. 24074595
nsmith@hbwvlaw.com
Envelope ID: 91488482
Filing Code Description: Third Amended
Filing Description: (Defendant's) Answer and Counterclaim
Status as of 8/30/2024 8:14 AM CST

Associated Case Party: Sana Healthcare Carrollton, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Aaron Z. Tobin | | atobin@condontobin.com | 8/29/2024 5:03:56 PM | SENT |
| Leah KLanier | | llanier@condontobin.com | 8/29/2024 5:03:56 PM | SENT |
| Chasity Selvy | | cselvy@condontobin.com | 8/29/2024 5:03:56 PM | SENT |
| Tiffany Sims | | tsims@condontobin.com | 8/29/2024 5:03:56 PM | SENT |
| Faisal Al Alam | | FAlAlam@condontobin.com | 8/29/2024 5:03:56 PM | SENT |
| J Steele | | jsteele@condontobin.com | 8/29/2024 5:03:56 PM | SENT |
| Lindsey Hardy | | lhardy@condontobin.com | 8/29/2024 5:03:56 PM | SENT |

Associated Case Party: Metrocrest Hospital Authority

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard DHayes | | rhayes@hbwvlaw.com | 8/29/2024 5:03:56 PM | SENT |
| Cody Lewis | | clewis@hbwvlaw.com | 8/29/2024 5:03:56 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Kruger | | dkruger@hbwvlaw.com | 8/29/2024 5:03:56 PM | SENT |
| Nicole Smith | | nsmith@hbwvlaw.com | 8/29/2024 5:03:56 PM | SENT |