# EXHIBIT 9

CAUSE NO. 24-0056-431

| | | |
|---|---|---|
| SANA HEALTHCARE CARROLLTON, LLC, d/b/a CARROLLTON REGIONAL MEDICAL CENTER | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § § | 431st JUDICIAL DISTRICT |
| METROCREST HOSPITAL AUTHORITY | § § § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S PARTIAL NO EVIDENCE MOTION FOR SUMMARY JUDGEMENT**

Defendant Metrocrest Hospital Authority ("Metrocrest") files this Response to Plaintiff, SANA Healthcare Carrollton, LLC d/b/a Carrolton Regional Medical Center's ("SANA") Partial No Evidence Motion for Summary Judgment ("Motion") and respectfully requests that this Court deny SANA's Motion.

### I.   Objection to No Evidence Motion for Summary Judgment

1. Metrocrest objects to SANA's No-Evidence Motion for Summary Judgment. "[A] no-evidence summary judgment motion under Rule of Civil Procedure 166a(i) should be made without presenting evidence to support the motion. Accordingly, we generally treat a summary judgment motion filed with supporting evidence as a traditional motion for summary judgment." *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 116–17 (Tex. App.—Waco 1999, no pet.)

2. SANA attaches and cites evidence throughout its Motion. Therefore, Metrocrest objects to SANA's Motion being treated as such and affirmatively pleads that SANA still retains the burden of a traditional motion for summary judgment. *See Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.).

## II.     Evidence

3. Pursuant to Tex. R. Civ. P. 166a(d) and 58, Metrocrest incorporates by reference its Response to Plaintiff's Partial Traditional Motion for Summary Judgment, ("Traditional Response"), and the exhibits attached thereto.

## III.    Arguments and Authorities

4. "A court should determine the standard of proof on the summary judgment motion after considering the substance of the motion, rather than categorizing the motion strictly by its form or title." *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied). "[A court must] take as true all evidence favorable to the non-moving party and indulge every reasonable inference and resolve any doubts in the non-moving party's favor." *Watson v. Talia Heights, LLC*, 566 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.]) (citing *Allen v. Connolly*, 158 S.W.3d 61, 64 (Tex. App.—Houston [14th Dist.] 2005, no pet.) 2018, no pet.).

5. "[A] motion for no-evidence summary judgment that only generally attacks a factual theory, without specifying the elements of the claims being attacked, is insufficient to support a no-evidence summary judgment." *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 819 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied). SANA fails to identify any of the elements of Metrocrest's defenses, and, therefore, SANA's Motion is insufficient to support summary judgment.

**A. SANA never provided what property was to be replatted.**

6. Metrocrest reserves and does not waive its argument that SANA has the burden and has failed to meet its burden to show evidence against Metrocrest's affirmative defense of impossibility/impracticability.

7. Because SANA failed to properly execute the option, the property could not be replatted. *See* Traditional Response, Exhibits 7, 8 (Krishna Surapeneni email and letter). The email and letter do not identify the property that SANA wanted to purchase or a proposed boundary line between the Hospital and MOBs sufficient to enable the MOBs to be platted separately from the Hospital. *Id.* Moreover, the email and letter do not indicate a timeframe within which the MOBs would be purchased, which make it impossible to determine whether there was sufficient time to replat the Hospital and MOBs.

8. The Lease Purchase Option Clause provides that SANA was obligated to exercise the option by December 31, 2022. *Id.* at Exhibit 5 (Lease, § 4.3). Under the Lease Purchas Option Clause, SANA did not exercise the option in time. Under the Purchase Option Agreement, there was no need for a replat because SANA had to purchase the hospital and MOBs collectively. Traditional Response, Exhibit 6. Notwithstanding these facts, had SANA exercised an option that permitted it to purchase just the Hospital, it never identified what it wanted replated. *See Id.* at Exhibits 7, 8. Therefore, it was impossible for Metrocrest to perform.

9. Since SANA failed to carry its burden and because Metrocrest can show a scintilla of evidence, SANA's summary judgment fails as a matter of law.

**B. SANA was not ready, willing and able to perform.**

11. SANA was not ready, willing and able to perform. "When a party alleges it is ready, willing, and able to perform under the terms of a contract, but is relying on third-party financing, the party must show it had a firm commitment for financing, or it will not be entitled to specific performance." *Meshki, Inc. v. Bilal*, No. 05-23-00885-CV, 2024 WL 2513339, at *5 (Tex. App.—Dallas May 24, 2024, no pet.); *Heights Prop. Mgmt., LLC v. Scales*, No. 01-22-00750-CV, 2024 WL 4536140, at *4 (Tex. App.—Houston [1st Dist.] Oct. 22, 2024, no pet. h.); *Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 755 (Tex. App.—El Paso 2009, pet. denied).

12. SANA has only provided term sheets to Metrocrest to attempt to show they were ready, willing, and able to perform. Without waiving Metrocrest's previous objections to hearsay, the only evidence SANA attaches to its Motion to support its proposition that it was ready, willing, and able are term sheets. *See* SANA Exhibits 1-D, 1-I, and 1-M. Yet, these term sheets specifically state:

> NOTICE: This Loan Request Summary is for informational purposes only and does not obligate Lender in any way to make this loan or any other loan to Borrower. The fees and charges listed above are estimates only; and, if a loan is made, different or additional fees and charges may be imposed.

SANA Exhibit 1-D.

> This proposal is subject to the Bank's credit review, underwriting, and other internal approvals, is not a binding commitment to extend credit, and is not an attempt to define all the terms and conditions which may be included in final documentation should the loan be approved.
>
> By signing below, you authorize the bank and its affiliates, to obtain and use credit reports, process your financing request, process any requested changes to your accounts, review performance of your accounts and to collect any credit extended to you. It is understood that a photocopy of this form will also serve as authorization. You understand that you must update this credit information at Bank's request and/or if your financial condition changes. You acknowledge that the credit being applied for will be used for business purposes.

SANA Exhibit 1-I.

> This proposal is subject to the Bank's credit review, underwriting, and other internal approvals, is not a binding commitment to extend credit, and is not an attempt to define all the terms and conditions which may be included in final documentation should the loan be approved.
>
> By signing below, you authorize the bank and its affiliates, to obtain and use credit reports, process your financing request, process any requested changes to your accounts, review performance of your accounts and to collect any credit extended to you. It is understood that a photocopy of this form will also serve as authorization. You understand that you must update this credit information at Bank's request and/or if your financial condition changes. You acknowledge that the credit being applied for will be used for business purposes.

SANA Exhibit 1-M.

13. SANA demonstrates through its own evidence that it did not secure financing for the purchase of the hospital. SANA provides no evidence of financing and no evidence that it requested a replat of the hospital, what to replat, a closing date, or a purchase and sale agreement. *See* Traditional Response Exhibit 9.

C. **SANA has not paid Metrocrest.**

10. Metrocrest's affirmative defense of offset is if SANA is successful and recovers damages or specific performance, Metrocrest has not been paid the $16,000,000.00 for the Hospital. SANA

has not produced any evidence it has paid Metrocrest and even admits that it did not. Thus, SANA's summary judgment fails. *See id.*

### D.  SANA did not mitigate its damages.

11. The Lease includes the Lease Purchase Option Clause for the Hospital and MOBs. *See Id.* at Exhibit 5. In addition, SANA and Metrocrest amended the Lease through the Purchase Option Agreement. *See Id.* at Exhibit 6. SANA never attempted to tender properly under either of these agreements and to this day has failed to attempt to close the transaction by identifying what needed to be replated or tendering payment. *See Id.* at Exhibits 7, 8, 9. SANA failed to mitigate any of its damages and is not entitled to summary judgment.

### E.  SANA repudiated the Option.

14. "Repudiation is conduct which shows a *fixed* intention to abandon, renounce, and refuse to perform the contract. *Hubble v. Lone Star Contracting Corp.*, 883 S.W.2d 379, 382 (Tex. App.—Fort Worth 1994, writ denied) (citing *Continental Casualty Co. v. Boerger,* 389 S.W.2d 566, 568 (Tex. Civ. App.—Waco 1965, writ dism'd)). Without waiving Metrocrest's alternative arguments, Metrocrest and SANA were in a contract for an option to purchase defined in either section 4.3 of the Lease or the Purchase Option Agreement. *See Id.* at Exhibits 5, 6, 7, 8. SANA attempted to exercise the option in contradiction of the Lease Purchase Option Clause and Purchase Option Agreement, i.e., SANA attempted to exercise the option after the deadline in section 4.3 and attempted to alter the terms of the Purchase Option Agreement by purchasing the Hospital and MOBs separately, respectively. *See Id.* at Exhibits 7, 8.

15. Counteroffers reject open offers. *See Gasmark, Ltd. v. Kimball Energy Corp.,* 868 S.W.2d 925, 928 (Tex. App.-Fort Worth 1994, no writ) (citing *MTrust Corp. N.A. v. LJH Corp.,* 837 S.W.2d

250, 254 (Tex. App.—Fort Worth 1992, writ denied). By never tendering or trying to perform under the Lease Purchase Option Clause or Purchase Option Agreement and by only offering counteroffers, SANA repudiated the Lease and Purchase Option Agreement.

16. Further, if SANA intended to exercise the option under the Lease Purchase Option Clause, SANA's Email failed to "exercise" the option to purchase the Hospital and was sent after the expiration of the option period in the Lease. SANA's email only notified Metrocrest of its "intent" to exercise the purchase of the Hospital. *See Id.* at Exhibit 7. It did not exercise the option or otherwise tender payment to Metrocrest.

17. The Lease Purchase Option Clause states that SANA must provide "notice of its exercise" of the option and provides SANA the option to purchase the Hospital, which the Lease specifically defines as the Carrollton Regional Medical Center, Imaging Center and Employee Parking Lot. *Id.* at Exhibit 5 (Lease, §§ 1.1.30, 4.3, SANA_LAWSUIT 001020, 001033-34).

18. The Email states SANA's "intent" to exercise the option as to the "hospital real estate (Carrollton Regional Medical Center)." *Id.* at Exhibit 7. The Email only shows an intent and spells hospital with a lower case "h." *Id*. Hospital is capitalized in the Lease. *Id.* at Exhibit 5 (Lease §§ 1.1.30, 4.3, SANA_LAWSUIT 1033-34). The Email does not "exercise" the option or identify the Hospital. *Id*.

19. The Lease Purchase Option Clause does not identify the right to purchase the Carrollton Regional Medical Center separate from or before any of the other property. *Id*. at Exhibit 5 (Lease, §§ 1.1.30, 4.3, SANA_LAWSUIT 001020, 001033-34). The Email, also, indicates an intent to exercise the option for the medical office "building." *Id.* at Exhibit 7. Under the Lease, there are

four MOBs, not one. *Id.* at Exhibit 5 (Lease § 4.3). Accordingly, the Email does not strictly comply with the terms of the Lease and, therefore, cannot exercise the option.

20. SANA repudiated the option contract in this case by failing to abide by the specific terms within the Lease and/or Purchase Option Agreement. SANA has the burden to show it did not repudiate and presents no prima facia case to demonstrate that. Therefore, SANA's summary judgment fails.

### IV.    Conclusion

21. Because SANA failed to notify what property was to be replatted, did not tender payment to Metrocrest, did not mitigate its damages, and repudiated the Lease Purchase Option Clause and Purchase Option Agreement, the Court should deny SANA's No Evidence Motino for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Metrocrest respectfully prays that the Court denies SANA's No Evidence Motion for Summary Judgment.

Respectfully submitted,

**HAYES, BERRY, WHITE & VANZANT, LLP**

  /s/   Cody J. Lewis
Richard D. Hayes
State Bar No. 09278700
Cody J. Lewis
State Bar No. 24074595
David B. Kruger
State Bar No. 24120953

512 W. Hickory Street, Suite 100
Denton, Texas 76201
Telephone: 940-387-3518
Facsimile:  866-576-2575
Email: rhayes@hbwvlaw.com
Email: clewis@hbwvlaw.com

Email: dkruger@hbwvlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 21a, Texas Rules of Civil Procedure, on this  6   day of November 2024.

/s/Cody J. Lewis
Cody J. Lewis